IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SALAME M. AMR,

       Plaintiff,

v.                                                                    Civil Action No. 3:10cv787

VIRGINIA STATE UNIVERSITY, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report

and Recommendation on the various pending motions filed in this matter.  (Docket Nos. 14, 16,

21, 27, 38, 40, 45, 74, 75, 76, 78.)  These motions have been fully briefed.[1]  On August 5, 2011,

the Court heard oral argument.[2]  The matter is now ripe for disposition.  For the reasons that

follow, the undersigned Magistrate Judge RECOMMENDS that Defendants' motions to dismiss,

---

[1] Plaintiff Salame M. Amr has filed various sur-replies to motions brought by Defendants.  (Docket Nos. 34, 36, 50.)  This Court's local rules allow the filing of responsive briefs and rebuttal briefs and provide that "[n]o further briefs or written communications may be filed without first obtaining leave of Court." E.D. Va. Loc. Civ. R. 7(F)(1).  While, during oral argument, Amr suggested that the *Roseboro* notices he received advised him that sur-replies could issue, Amr misapprehends the notices.  Amr filed these sur-replies without seeking leave of the Court in violation of this Court's local rules.  These sur-replies often contain new allegations not raised in the pending complaint, repetitive factual and conclusory assertions, and information entirely nonresponsive to Defendants' rebuttal briefs.  The Court thus declines to consider Amr's sur-replies, and were it to consider them, these briefs would not alter the determinations that follow.

[2] During oral argument, Amr advised the Court that he desired Court-ordered mediation.  The Magistrate Judge has made the District Court aware of this request.

Because the Court heard oral argument on August 5, 2011, the undersigned RECOMMENDS that Amr's Motion for Requesting a Hearing be DENIED AS MOOT.  (Docket No. 40.)

motions for sanctions, and motion to quash request for subpoena be GRANTED (Docket

Nos. 16, 21, 27, 45, and 76); Amr's Motion for Vacating Judgments, Fourth Motion for an

Enlargement of Time, and Amended Motion for Requesting Subpoenas Duces Tecum be

DENIED WITHOUT PREJUDICE (Docket Nos. 38, 75, and 78); and the remaining pending

motions be DENIED AS MOOT (Docket Nos. 14, 40, and 74).

## I.  Factual and Procedural Background

The instant Complaint presents issues raised in two previous lawsuits filed by Amr in this

Court in 2007 and 2009. *See Amr v. Moore*, No. 3:09cv667 (E.D. Va. filed Oct. 20, 2009)

(hereinafter "*Amr II*"); *Amr v. Va. State Univ.*, No. 3:07cv628 (E.D. Va. filed Oct. 15, 2007)

(hereinafter "*Amr I*"). The Court begins its analysis of the instant Complaint with a discussion of

*Amr I* and *Amr II*.

A.   *Amr I*

On October 15, 2007, Amr, formerly employed by Virginia State University ("VSU") as

an Assistant Professor in the School of Engineering, Science and Technology's Department of

Engineering and Technology, filed a Complaint in this Court against defendants VSU, Eddie N.

Moore, Jr., Nasser Rashidi, Larry C. Brown, and Keith M. Williamson.[3] *Amr I*, No. 3:07cv628,

2009 WL 112829, at *2 (E.D. Va. Jan. 14, 2009), *aff'd per curiam*, 331 F. App'x 194 (4th Cir.

---

[3] Moore served as the President of VSU, and Brown served as Interim Dean of VSU's
School of Engineering, Science and Technology. Compl. ¶¶ 20, 23, *Amr v. Va. State Univ.*,
No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010) (hereinafter "*Amr III*"); Am. Compl. ¶¶ 11-12, *Amr
II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009); 2d Am. Compl. ¶ 4, *Amr I*, No. 3:07cv628
(E.D. Va. filed July 29, 2008); Compl. ¶ 6, *Amr I*, No. 3:07cv628 (E.D. Va. filed Oct. 15, 2007).
Williamson and Rashidi both served as Chairs of VSU's Department of Engineering and
Technology. Compl. ¶¶ 24-25, *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010); Am.
Compl. ¶¶ 13-14, *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009); 2d Am. Compl. ¶¶ 5-6,
*Amr I*, No. 3:07cv628 (E.D. Va. filed July 29, 2008).

2009), *cert. denied*, 130 S. Ct. 2386 (2010). Amr's Second Amended Complaint asserted three causes of action against VSU, Rashidi, Brown, and Williamson.[4] The factual predicate for these claims centered around Amr's contention that the defendants had discriminated against him on the basis of race, national origin, and religion, and that because of this animus, the defendants had wrongly circulated a forged paper bearing Amr's name to make it appear as if Amr had plagiarized the paper. *Id.* at *3-6. As a result of the plagiarism allegation, which VSU found to be substantiated, the defendants denied Amr tenure and offered him a term appointment. *Id.* at *5. Amr's employment with VSU terminated in May 2008. *Id.* at *6.

Specifically, in Count One, Amr alleged a Title VII[5] violation against VSU resulting from "three specific areas of misconduct: (1) disparate pay; (2) unequal committee assignments and travel opportunities; and (3) false claims of plagiarism." *Id.* at *6. Count Two alleged Rashidi violated 42 U.S.C. § 1981[6] by discriminating against Amr on the basis of race and national origin. *Id.* at *2. In Count Three, Amr alleged that Brown and Williamson were "liable to him

---

[4] The Second Amended Complaint in *Amr I* failed to name Moore as a defendant.

[5] 42 U.S.C. § 2000e *et seq.*

[6] 42 U.S.C. § 1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

3

under 42 U.S.C. § 1983[7] for depriving him of his Fourteenth Amendment right to due process by infringing upon his liberty interest in his good name and reputation in the context of his employment at VSU" because they requested that VSU's Scientific and Integrity Committee ("SIC") investigate the alleged plagiarism. *Id.* at *8.

The undersigned issued a Revised Report and Recommendation in *Amr I*, recommending that the Honorable Robert E. Payne grant the defendants' motion for summary judgment and dismiss the action because each of Amr's Title VII claims was barred by the statute of limitations, Amr's § 1981 claim could not proceed as a matter of law, and Amr had been afforded sufficient due process to rebut the allegation of plagiarism (but had failed to do so). *Id.* at *6-12. Judge Payne adopted the Revised Report and Recommendation for the reasons articulated in that report and  dismissed the action with prejudice, and the United States Court of Appeals for the Fourth Circuit affirmed. *Amr I*, 331 F. App'x 194 (4th Cir. 2009).

Amr has filed various motions functionally seeking reconsideration in *Amr I* and claiming fraud on the court. All of these motions have been denied. By Order denying the most recent motion for reconsideration in *Amr I*, Judge Payne warned Amr that "his continued pursuit of these claims appears to be vexatious and harassing" and that continued "pursuit of this action may well lead to the imposition of sanctions . . . ." Order at 2, *Amr I*, No. 3:07cv628 (E.D. Va. Aug. 20, 2010).

---

[7]     42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

**B.**     *Amr II*

On October 20, 2009, Amr filed a second lawsuit in this Court, arising from the same

factual allegations. The Amended Complaint in *Amr II* again named Moore, Brown, Williamson,

and Rashidi as defendants, but also named Gerald Burton, Donna Crawford, Gloria Young, Ali

Mohamed, Oliver W. Hill, Jr., Wondi Mersie, Andrew Kanu, Stephan Wildeus, Sharon Evans,

the American Society of Engineering Education ("ASEE"), the American Association for

University Professors ("AAUP"), and the VSU Board of Visitors as defendants.[8] *Amr II*,

No. 3:09cv667, 2010 WL 3154575, at *2 (E.D. Va. June 21, 2010) (Report and Recommendation

adopted by Order, No. 3:09cv667 (E.D. Va. Aug. 9, 2010)). The Amended Complaint in *Amr II*

asserted the following eight causes of actions:

Count One     Defendants Rashidi, Williamson, and Brown discriminated against Amr on the
              basis of race and national origin by subjecting him to unequal pay and low
              performance evaluations, in violation of 42 U.S.C. §§ 1981 and 1983;

Count Two     Defendants interfered with Amr's promotional opportunities and reasonable
              expectation of continued employment with VSU by giving false and malicious
              information about Amr, in violation of 42 U.S.C. § 1981;

---

[8]    These additional defendants were identified and discussed, but not sued, in *Amr I*. *See, e.g.*, 2d Am. Compl. ¶¶ 26, 30, 37, *Amr I*, No. 3:07cv628 (E.D. Va. filed July 29, 2008). Burton served as AAUP's President. Compl. ¶ 26, *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010); Am. Compl. ¶ 15, *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009). Crawford served as faculty representative to VSU's Board of Visitors. Compl. ¶ 27, *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010); Am. Compl. ¶ 16, *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009). Young served as Chair of the University Promotion and Tenure Committee ("UPTC") at VSU. Compl. ¶ 28, *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010); Am. Compl. ¶ 17, *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009). Mohamed and Hill both served as Chairs of VSU's SIC. Compl. ¶¶ 29-30, *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010); Am. Compl. ¶¶ 18-19, *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009). Mersie, Kanu, Wildeus, and Evans all served as members of VSU's SIC. Compl. ¶¶ 31-34, *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010); Am. Compl. ¶¶ 20-23, *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009).

Count Three    Based on the allegation of plagiarism and resulting denial of tenure, Defendants discriminated against Amr on the basis of race and national origin, conspired to deny Amr his constitutional and civil rights, and failed to prevent the commission of such violations, in violation of 42 U.S.C. § 1983 and Virginia Code §§ 18.2-499[9] and 18.2-500;[10]

Count Four    Defendants tortiously interfered with Amr's contract and business expectations resulting in a denial of tenure and continued employment;

Count Five    Defendants conspired to deprive Amr of continued employment at VSU and to negatively influence the outcome of the SIC investigation of his alleged plagiarism, and failed to protect him from the conspiracy, in violation of 42 U.S.C. §§ 1985[11] and 1986;[12]

---

[9] "Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of . . . willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever . . . shall be jointly and severally guilty of a Class 1 misdemeanor." Va. Code § 18.2-499(A).

[10] "Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit . . . ." Va. Code § 18.2-500(A).

[11] 42 U.S.C. § 1985(3) states, in relevant part:

If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

[12] 42 U.S.C. § 1986 states:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986.

6

Count Six      Defendants intentionally inflicted emotional distress upon Amr and placed Amr in a false light by giving false information and fraudulent advice, resulting in his denial of tenure;

Count Seven    Defendants supplied false information for the guidance of others, gave false and baseless recommendations resulting in Amr's denial of tenure and continued employment, and are liable to Amr based on their unjustifiable reliance on the plagiarism allegations; and,

Count Eight    Defendants ASEE, Rashidi, Williamson, and Brown violated Amr's right to privacy[13] by disclosing privileged private information of no public interest without Amr's consent, eavesdropping on Amr's conversations, opening Amr's mail, searching Amr's personal belongings without permission, entering Amr's office without permission, and forging a false manuscript that allegedly constituted the plagiarized paper.

*Id.* at *2-3, 8-12.

Defendants filed motions to dismiss asserting *Amr II* should be dismissed as barred under res judicata or the applicable statute of limitations or for failure to state a claim.  The undersigned issued two Reports and Recommendations in *Amr II*, recommending that the District Court grant Defendants' motions to dismiss and dismiss the action.  *Amr II*, No. 3:09cv667, 2010 WL 3154576 (E.D. Va. June 21, 2010); *Amr II*, No 3:09cv667, 2010 WL 3154575 (E.D. Va. June 21, 2010).  The Court found Count One barred by claim preclusion as well as the statute of limitations; Counts Two and Six barred by issue and claim preclusion as well as the applicable statute of limitations; Counts Three, Four, Five, and Seven failed to state a claim and were barred by issue and claim preclusion as well as the applicable statute of limitations; and Count Eight barred by issue preclusion and the statute of limitations.  *Amr II*, No. 3:09cv667, 2010 WL 3154576 (E.D. Va. June 21, 2010); *Amr II*, No 3:09cv667, 2010 WL 3154575 (E.D. Va. June 21, 2010).

---

[13] Amr alleged violations of the Restatement (Second) of Torts § 652 and various Virginia statutes.  *See* Am. Compl. at 23, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009).

After the Reports and Recommendations had been filed, Amr filed a motion requesting the Court to "dismiss the defendants' firm defense of res judicata and collateral estoppel[] base[d] upon the evident fraud and 'fraud on the court' in the prior proceeding." Pl.'s Mot. Partial Summ. J., Reconsideration & Urgent Relief at 1, *Amr II*, No. 3:09cv667 (E.D. Va. filed July 1, 2010). Amr asserted that his prior counsel's fraudulent and deceitful actions, as well as fraudulent evidence before the Court, had resulted in a wrongful decision in *Amr I*. *See, e.g., id.* at 3-4. Judge Payne denied Amr's motion, adopted the two Reports and Recommendations for the reasons articulated in those reports, and dismissed the action with prejudice. Orders, *Amr II*, No. 3:09cv667 (E.D. Va. August 9, 2010). The Fourth Circuit affirmed. *Amr II*, No. 10-2041 (4th Cir. Feb. 16, 2011).

Amr also filed a motion for reconsideration in *Amr II* based on fraud on the court, asserting that the decision in *Amr I* was based on fraudulent documents presented by defendants and fraudulent activities undertaken by Amr's former counsel as well as defense counsel. *See, e.g.*, Pl.'s Mem. Supp. Mot. Reconsideration at 1-2, 8-10, *Amr II*, No. 3:09cv667 (E.D. Va. filed Aug. 19, 2010). On September 9, 2010, Judge Payne denied Amr's motion for reconsideration and found that Amr was "simply rehashing points previously made, considered, and rejected." Order at 2, *Amr II*, No. 3:09cv667 (E.D. Va. Sept. 9, 2010). Judge Payne also issued the following admonition to Amr:

> [T]he plaintiff is instructed that his continued pursuit of these claims appears to be vexatious and harassing and is unnecessarily multiplying the cost of litigation for the defendants. The plaintiff's claims are without legal merit, having been rejected by this Court, the United States Court of Appeals for the Fourth Circuit, and the Supreme Court. Accordingly, the plaintiff is ADMONISHED that further pursuit of

this action may well lead to the imposition of sanctions and costs to include an award of a monetary nature against him.

*Id.*

## C.     The Instant Complaint: *Amr III*

On October 27, 2010, Amr filed a third lawsuit in this Court, again arising from the same factual allegations. In *Amr III*, the Complaint alleges thirteen causes of action against the same Defendants as *Amr I* and *Amr II* and two additional Defendants:  W. Eric Thomas and Pamela Leigh-Mack.[14]  Counts One through Three lie against VSU only. (Compl. ¶¶ 128-45.)  Count Four lies against Defendants Moore, Thomas, Brown, Leigh-Mack, and Williamson. (Compl. ¶¶ 146-54.) Count Six appears to lie against Rashidi, Williamson, and Brown. (Compl. ¶¶ 163-66.) Count Five and Counts Seven through Thirteen lie against all Defendants. (Compl. ¶¶ 155-62, 167-211.)

The Court restates the claims as follows:

Count One             In violation of Title VII, Defendant discriminated against Amr based on his race and religion by:  (1) removing him from his position as Electronics Engineering Technology program coordinator; (2) denying continued employment after May 2008; (3) reassigning his courses to other faculty members; (4) reassigning his research space to other faculty members; (5) adopting a forged manuscript and representing it to be his to substantiate the plagiarism allegations and facilitate his removal; and (6) prematurely terminating his research grant;

Count Two             In violation of Title VII, Defendant discriminated against Amr based on his color by engaging in the same actions identified in Count One;

---

[14] Thomas served as VSU's Vice-President for Academic Affairs as well as the Provost, and Leigh-Mack served as the Dean of VSU's School of Engineering, Science and Technology. Compl. ¶¶ 21-22, *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010).  Thomas was identified and discussed, but not sued, in *Amr I. See, e.g.*, 2d Am. Compl. ¶¶ 21, 38, *Amr I*, No. 3:07cv628 (E.D. Va. filed July 29, 2008).

9

Count Three       After Amr opposed the unlawful discrimination, Defendant retaliated against him by engaging in the same actions identified in Count One, in violation of Title VII;

Count Four        After Amr opposed the unlawful discrimination, Defendants retaliated against him by engaging in the same actions identified in Count One, in violation of 42 U.S.C. § 1983;

Count Five        After Amr engaged in protected activity by voluntarily withdrawing his draft paper from ASEE's consideration, Defendants violated Amr's constitutional and civil rights by ratifying a forged draft paper, forcing Amr to defend himself against plagiarism allegations, ignoring Amr's explanations, and failing to follow proper VSU procedures, in violation of 42 U.S.C. § 1983;

Count Six         Defendants discriminated against Amr on the basis of race, religion, and national origin by subjecting him to unequal pay and low performance evaluations, in violation of 42 U.S.C. §§ 1981 and 1983;

Count Seven       Defendants interfered with Amr's promotional opportunities and reasonable expectation of continued employment with VSU by giving false and malicious information about Amr, in violation of 42 U.S.C. § 1981;

Count Eight       Based on the allegation of plagiarism and resulting denial of tenure, Defendants discriminated against Amr on the basis of race and national origin, conspired to deny Amr his constitutional and civil rights, and failed to prevent the commission of such violations, in violation of 42 U.S.C. § 1983 and Virginia Code §§ 18.2-499 and 18.2-500;

Count Nine        Defendants tortiously interfered with Amr's contract and business expectations resulting in a denial of tenure and continued employment;

Count Ten         Defendants conspired to deprive Amr of continued employment at VSU and to negatively influence the outcome of the SIC investigation of his alleged plagiarism, and failed to protect him from the conspiracy, in violation of 42 U.S.C. §§ 1985 and 1986;

Count Eleven      Defendants intentionally inflicted emotional distress upon Amr and placed Amr in a false light by giving false information and fraudulent advice, resulting in his denial of tenure;

| Count Twelve | Defendants supplied false information for the guidance of others, gave false and baseless recommendations resulting in Amr's denial of tenure and continued employment, and are liable to Amr based on their unjustifiable reliance on the plagiarism allegations; and, |
| --- | --- |
| Count Thirteen | Defendants violated Amr's right to privacy[15] by disclosing privileged private information of no public interest without Amr's consent, eavesdropping on Amr's conversations, opening Amr's mail, searching Amr's personal belongings without permission, entering Amr's office without permission, and forging a false manuscript that allegedly constituted the plagiarized paper. |

AAUP has filed a motion to dismiss arguing that the doctrine of res judicata, collateral estoppel, and the applicable statutes of limitations bar the instant action.[16] AAUP also asserts that the Complaint should be dismissed for failure to state a claim. ASEE has also filed a motion to dismiss, contending that the applicable statutes of limitations bar Amr's claims and/or his Complaint should be dismissed for failure to state a claim. ASEE and VSU Defendants[17] have separately filed motions for sanctions, seeking dismissal of *Amr III*, monetary sanctions, and/or a pre-filing injunction. Amr has filed a Motion for Vacating Judgments, asking the Court to reconsider the decisions reached in *Amr I* and *Amr II* based on fraud on the court. The Court will consider these motions in turn, and will then dispose of the remaining miscellaneous motions pending in this matter.

---

[15] Amr alleges violations of the Restatement (Second) of Torts § 652 and various Virginia statutes. (Compl. at 33.)

[16] Each of Defendants' motions seeking dispositive relief were accompanied by proper *Roseboro* notice. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[17] VSU Defendants consist of all named Defendants in *Amr III* except Young, ASEE, and AAUP. Although Young served as Chair of VSU's UPTC, she has yet to be properly served in *Amr III*.

## II. Motions to Dismiss

### A.   Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47

(1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550

U.S. at 555 (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to

relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its

face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

"Motions to dismiss under the doctrines of *res judicata* and collateral estoppel are properly reviewed under the standard for Rule 12(b)(6)." *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 684 (E.D. Va. 2008). However, the affirmative defenses of res judicata and collateral estoppel may be raised only if they "clearly appear[] on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). Here, the Court finds that the defenses of res judicata and collateral estoppel clearly flow from the allegations in Amr's Complaint. *Compare* Am. Compl., *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009), *and* 2d Am. Compl., *Amr I*, No. 3:07cv628 (E.D. Va. filed July 29, 2008), *with* Compl., *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010).

"[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Because the res judicata defense raises no disputed issue of fact, the Court will take judicial notice of the prior proceedings in *Amr I* and *Amr II*. Thus, no further factual explanation of Amr's claims is necessary here.

### B. Res Judicata and Collateral Estoppel

AAUP contends that the doctrines of res judicata and collateral estoppel bar the instant action because Amr again seeks relief from VSU's decision to deny him tenure based upon allegations that Amr plagiarized an academic paper. (AAUP's Br. Supp. Mot. Dismiss 4.) In response, Amr contends that the defenses of res judicata and collateral estoppel should not apply because the judgments rendered in *Amr I* and *Amr II* should be vacated based on fraud on the court.[18] (Pl.'s Resp. to AAUP's Mot. Dismiss 1-2.) As discussed below, the Court finds that the defenses of res judicata and collateral estoppel bar Amr's claims.

### 1. Applicable Law

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine of res judicata serves an important function. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *cf. Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001) ("Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow

---

[18] Amr makes the same argument in his Motion for Vacating Judgments, and the Court will discuss this motion, as well as Amr's argument, below.

the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it." (discussing motions for reconsideration)).

### a.   Claim Preclusion

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor*, 553 U.S. at 892 (*quoting New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Not only does the doctrine of claim preclusion bar "claims that were raised," but it also bars those claims which "could have been raised in the prior litigation." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). Indeed, "[t]he doctrine bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding." *Ali v. Jeng*, No. 95-2485, 1996 WL 293181, at *3 (4th Cir. June 4, 1996).

To be barred by the doctrine of claim preclusion, claims must meet three elements:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.[19]

*Pittston Co.*, 199 F.3d at 704; *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981).

---

[19] This Court's judgment in *Amr I* was final and on the merits. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that Fourth Circuit jurisprudence finds summary judgment dismissal to be a final adjudication on the merits). Therefore, the Court will not address this element in its subsequent analysis.

"[T]he doctrine of res judicata binds only parties or their privies by a prior judgment." *Nash Cnty. Bd. of Educ.*, 640 F.2d at 493. To be in privity requires a "'person [to be] so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Id.* at 493 (*quoting Jefferson Sch. of Soc. Sci. v. Subversive Activities Control Bd.*, 331 F.2d 76, 83 (D.C. Cir. 1963)). Courts impose this requirement because "[a] person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit."[20] *Taylor*, 553 U.S. at 892 (*citing Richards*, 517 U.S. at 797-98).

"[T]he appropriate inquiry to determine whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Pittston Co.*, 199 F.3d at 704 (*quoting Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). "Claims may arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief." *Harnett*, 800 F.2d at 1314. "Among the factors to be

---

[20] In *Taylor*, the Supreme Court of the United States identified six instances in which nonparty preclusion may be justified. First, a person may expressly agree to be bound by the determination of issues in another suit. *Id.* at 893. Second, there may exist a variety of legal relationships between the person to be bound and the party to the suit. *Id.* at 894. Third, "'in certain limited circumstances,' a nonparty may be bound by a judgment because [he or] she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit." *Id.* (*quoting Richards v. Jefferson Cnty.*, 517 U.S. 793, 798 (1996)) (second alteration in original); *see Jones v. SEC*, 115 F.3d 1173, 1180-81 (4th Cir. 1997) (stating that privity attaches only to parties whose interests are aligned). Fourth, a nonparty who assumes control of the litigation may be bound by the judgment rendered. *Taylor*, 553 U.S. at 895. "Fifth, a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy." *Id.* Sixth, in some circumstances, a statutory scheme, consistent with due process, may foreclose successive litigation by a nonparty. *Id.*

considered in deciding whether the facts of the current and prior claims 'are so woven together' that they constitute a single claim 'are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.'" *Pittston Co.*, 199 F.3d at 704 (*quoting* Restatement (Second) of Judgments § 24 cmt. b (1982)).

### b.   Issue Preclusion

Issue preclusion, also called collateral estoppel, "in contrast [to claim preclusion], bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (*quoting New Hampshire*, 532 U.S. at 748-49). Issue preclusion acts to bar claims when:

> (1) the issues litigated in the first action are, in substance, the same as the issues in the second action; (2) the issues were actually determined; (3) the issues were necessary to a final judgment; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issues.

*Ali*, 1996 WL 293181, at \*2 (*citing Va. Hosp. Ass'n v. Baliles*, 830 F.2d 1308, 1311-12 (4th Cir. 1987)). Issue preclusion does not require mutuality of parties. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971).

When a plaintiff seeks to estop a defendant from relitigating issues the defendant has previously litigated and lost, the plaintiff applies offensive collateral estoppel. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979), *limited by United States v. Mendoza*, 464 U.S. 154, 162 (1984) (holding that nonmutual offensive collateral estoppel does not apply against the government). If a defendant seeks to estop a plaintiff from relitigating issues the plaintiff has already litigated and lost against another defendant, as in this case, the defendant asserts

17

defensive collateral estoppel. *Id.* "Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely switching adversaries. Thus, defensive collateral estoppel gives a plaintiff a strong incentive to join all potential defendants in the first action if possible." *Id.* at 329-30 (internal quotation omitted). Defensive collateral estoppel precludes a plaintiff from "bring[ing] piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali*, 1996 WL 293181, at *3.

### 2.   Amr's Claims Against AAUP Are Barred by Issue Preclusion

In this case, the Court finds that the instant Complaint falls squarely within the class of actions to which the doctrines of res judicata and collateral estoppel apply. As in *Amr II*, *Amr III* presents the very situation against which the Fourth Circuit cautioned in *Ali*: Amr has named new defendants and alleged new causes of action, but his claims arise from the very same operative facts presented in *Amr I*. *See id.*

In *Amr III*, only Count Five and Counts Seven through Twelve lie against AAUP.[21] The Court notes that Counts Seven through Twelve in *Amr III* are identical or virtually identical to Counts Two through Seven alleged in *Amr II*. *Compare* Am. Compl., *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009), *with* Compl., *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010). The Court in *Amr II* found Counts Two through Seven as alleged against AAUP barred

---

[21] Although Amr uses the general term "Defendants" in Count Six, he also specifically references Defendants Rashidi, Williamson, and Brown and contends that they discriminated against him on the basis of his race, religion, and national origin by subjecting him to unequal pay and low performance evaluations, in violation of 42 U.S.C. §§ 1981 and 1983. (Compl. ¶¶ 163-66.) It appears to the Court that Count Six lies solely against Rashidi, Williamson, and Brown. Nonetheless, to the extent Count Six could lie against AAUP, the Court will address it below within the statute of limitations and/or failure to state a claim analysis. *See infra* Part II.C.2.

by the doctrine of issue preclusion, and for the same reasons, issue preclusion bars *Amr III*'s

Counts Seven through Twelve. *See Amr II*, 2010 WL 3154575, at *8-12. The Court also finds

that issue preclusion bars Count Five.

a.     <u>**Count Five: Violation of Constitutional and Civil Rights**</u>

In Count Five, Amr contends that he engaged in protected activity in voluntarily

withdrawing his draft paper from ASEE and that Defendants violated his rights under 42 U.S.C.

§ 1983 "by effectively forcing him to defend himself before the biased panel of SIC that had

recklessly convicted him [of plagiarism] in January 2007." (Compl. ¶ 159.) Amr alleges

Defendants violated his rights by ratifying a forged draft paper, ignoring Amr's explanations as

to the withdrawn paper and the forged draft paper, and failing to follow proper VSU procedures

for promotion and tenure. (Compl. ¶¶ 159-60.)

The doctrine of issue preclusion applies to bar Count Five as to AAUP. First, as outlined

above, the issues raised in Count Five are substantially the same issues raised and litigated in

*Amr I. See* 2d Am. Compl. ¶¶ 14-45, *Amr I*, No. 3:07cv628 (E.D. Va. filed July 29, 2008)

(alleging that after Amr withdrew his draft paper from ASEE Defendants presented a forged

paper to SIC and failed to follow proper VSU procedures, resulting in the false charge of

plagiarism). This is true even though the issues arise in the context of a different claim in *Amr

III. See Taylor*, 553 U.S. at 892; *Ali*, 1996 WL 293181, at *2.

Second, the Court's decision in *Amr I* determined the issues Amr now raises.

Specifically, with respect to the plagiarism charge, the Court determined in *Amr I* that the

defendants had provided adequate opportunities, both formal and informal, for Amr to clear his

name both before and after the tenure decision was made. *Amr I*, 2009 WL 112829, at *11-12.

19

The Court also determined Amr's conclusory allegation that the SIC reviewed a forged document could not foreclose summary judgment because Amr failed to present evidence giving rise to a genuine issue of material fact regarding the forgery. *Id.* at *10. Further, the Court determined that Amr never disputed the commonalities between his paper and the paper he allegedly plagiarized, did not claim to have submitted independently gathered data that would demonstrate that his paper differed from the one he allegedly plagiarized, and did not offer a copy of the paper itself to dispute the plagiarism charge. *Id.* at *9-10. Thus, the record in *Amr I* clearly establishes that the Court considered the plagiarism charge and found that Amr had offered no evidence tending to show the falsity of the charge.

Third, the Court's determination of the issues Amr now raises was necessary to its final judgment in *Amr I*. *See Amr I*, 2009 WL 112829, at *8-12. Fourth, and finally, Amr had a full and fair opportunity to litigate these issues in *Amr I*: Amr twice amended his Complaint in *Amr I*. Moreover, as *Amr I* was resolved at the summary judgment stage, Amr had the opportunity to conduct discovery and present evidence, thus providing ample opportunity to litigate the issue of whether the plagiarism charge was founded.[22] *See Harnett*, 800 F.2d at 1313. Therefore, the doctrine of issue preclusion bars Amr from advancing Count Five against AAUP in the instant action. The undersigned RECOMMENDS that the Court GRANT AAUP's motion to dismiss Count Five.

---

[22] Amr alleges that he "did not have a 'full and fair opportunity' to litigate his alleged cases [sic] of action in prior legal proceedings . . . due to counsels' fraud and 'fraud on the court.'" (Pl.'s Resp. AAUP's Mot. Dismiss 1.) As discussed below in the context of Amr's Motion for Vacating Judgment, the Court rejects this argument and finds otherwise. *See infra* Part IV.

20

b.    **Count Seven:  Violation of 42 U.S.C. § 1981**

In Count Seven of *Amr III*, Amr contends Defendants "jointly and severally interfered with [Amr]'s promotional opportunities and reasonable expectation of continued employment contract with [VSU] by giving false and malicious information concerning him, which interference did cause him to get a term contract that ended in May 2008." (Compl. ¶ 168.) The false and malicious information to which Amr refers is the allegation that he plagiarized a paper submitted to ASEE. (Compl. ¶¶ 63, 74, 76, 82-89.) Thus, clearly, at the heart of this claim are Amr's contentions that he did not plagiarize the paper submitted to ASEE, that Defendants' insistence otherwise was incorrect, and that Defendants wrongfully relied on this plagiarism allegation to justify denying him tenure.

AAUP correctly argues that issue preclusion bars this claim.  First, as the Court noted with respect to Count Five, the issues Amr now raises in Count Seven flow from the same cause of action raised in *Amr I*.  Second, the Court determined these issues in *Amr I*.  *See Amr I*, 2009 WL 112829, at *11-12.  Third, the Court's determination of these issues was necessary to its final judgment in *Amr I*.  Finally, Amr had a full and fair opportunity to litigate these issues in *Amr I*.  Accordingly, the doctrine of issue preclusion bars Count Seven as to AAUP.  The undersigned RECOMMENDS that the Court GRANT Defendant AAUP's motion to dismiss Count Seven.

c.    **Count Eight:  Violation of 42 U.S.C. § 1983 and Va. Code §§ 18.2-499 and 18.2-500**

In Count Eight of *Amr III*, Amr contends Defendants "repeatedly and intentionally discriminated against him" on the basis of race and national origin, that "Defendants conspired

for the purpose of impeding, hindering, and defeating the due course of justice," and that

Defendants "had the power to aid in preventing" the wrongs Amr alleges. (Compl. ¶¶ 172-74.)

Again, the allegation of plagiarism and subsequent denial of tenure constitute the wrongs Amr

alleges in this count. (Compl. ¶¶ 63-68, 73-76, 82-112.) These issues as well as issues relating

to race or national origin discrimination were raised and determined in *Amr I. See Amr I,* 2009

WL 112829, at *6-7, 11-12. That determination was necessary to the Court's final judgment, and

Amr had a full and fair opportunity to litigate these issues. Accordingly, issue preclusion bars

Count Eight with respect to AAUP, and the undersigned RECOMMENDS that the Court

GRANT Defendant AAUP's motion to dismiss Count Eight.

### d.     Count Nine:  Tortious Interference

In Count Nine, Amr alleges Defendants tortiously interfered with his contract and

business expectations because "[a]bsent the Defendant's [sic] intentional misconduct, [Amr]

would have obviously been promoted to tenure and continued employed [sic] there." (Compl.

¶ 183.)

Count Nine asserts an issue raised in *Amr I* and decided by the Court. In *Amr I,* this

Court considered Amr's due process claim as it related to his liberty interest in his good name

and reputation in the context of his employment at VSU. *Amr I,* 2009 WL 112829, at *8-12. In

addition, the Court noted that, although he claimed not to allege a property interest in continued

employment as a professor, Amr nevertheless sought reinstatement at VSU as a remedy to the

loss of reputation he suffered. *Id.* at *8 n.15. The Court found that, "[e]ven if Dr. Amr were

unambiguously asserting a property interest in his employment at VSU, an untenured professor

such as Dr. Amr has no constitutionally protected property interest in continued employment."

*Id. (citing Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564 (1972)).

22

Accordingly, the issue Amr raises in Count Nine of *Amr III* was litigated and resolved in *Amr I*. Even though it recurs in the context of a different claim in *Amr III*, the doctrine of issue preclusion bars Amr's pursuit of this claim with respect to AAUP. *See Taylor*, 553 U.S. at 892; *Ali*, 1996 WL 293181, at *2. Amr raised this issue in *Amr I*, the Court ruled on the issue, that determination was necessary to the Court's final judgment, and Amr had a full and fair opportunity to litigate this issue. Accordingly, issue preclusion bars Count Nine with respect to AAUP. The undersigned RECOMMENDS that the Court GRANT AAUP's motion to dismiss Count Nine.

### e.   Count Ten:  Violations of 42 U.S.C. §§ 1985 and 1986

Count Ten contends that Defendants conspired to deprive Amr of continued employment at VSU and to negatively influence the outcome of the SIC investigation of his alleged plagiarism, and that Defendants failed to protect him from the conspiracy. (Compl. ¶¶ 191-95.)

As noted above, the heart of this claim lies in Amr's contention that he did not plagiarize the paper submitted to ASEE, and that Defendants' subsequent investigation of that allegation and determination that the charge was founded was incorrect. Thus, Count Ten raises the same issues asserted in *Amr I*. This Court determined these issues in *Amr I* and found that Amr had offered no evidence of the falsity of the plagiarism charge. *See Amr I*, 2001 WL 112829, at *9-12. This determination was necessary to the Court's final judgment, and Amr had ample opportunity to litigate these issues. Accordingly, the doctrine of issue preclusion bars Count Ten as to AAUP. The undersigned RECOMMENDS that the Court GRANT AAUP's motion to dismiss Count Ten.

23

###### f.    Count Eleven:  Intentional Infliction of Emotional Distress

In Count Eleven, Amr contends that "Defendants' extreme and outrageous conduct intentionally and recklessly caused severe emotional distress" to him.  (Compl. ¶ 197.) Specifically, Amr asserts, "Defendants intentionally caused [Amr] not to get promoted to tenure and to enter into a prospective tenured contract with VSU by giving false information and fraudulent advice."  (Compl. ¶ 198.)

Count Eleven merely attempts to label the same underlying conduct and issue with a new theory of relief, and thus, for the same reasons discussed above in Count Nine, does not survive a motion to dismiss based on issue preclusion.  *See Taylor*, 553 U.S. at 892; *Ali*, 1996 WL 293181, at *2.  Issue preclusion bars Amr's pursuit of Count Eleven as to AAUP.  Accordingly, the undersigned RECOMMENDS that the Court GRANT AAUP's motion to dismiss Count Eleven.

###### g.    Count Twelve:  Information Negligently Supplied for the Guidance of Others

Count Twelve again asserts that Defendants intentionally caused Amr not to receive tenure because they gave "false and baseless recommendations" about the plagiarism charge. (Compl. ¶ 203.)  Amr contends Defendants are liable for each other's "unjustifiable reliance" on the plagiarism allegations to support a decision to deny him tenure.  (Compl. ¶ 201.)

Count Twelve attempts to articulate a new legal theory to support a claim arising from the same underlying conduct Amr contests:  the allegation of plagiarism and the subsequent denial of tenure.  As the Court noted with respect to Counts Nine and Eleven, a claim raising the same issue, but alleging a different theory of relief, does not survive a motion to dismiss on the ground of issue preclusion.  Accordingly, and for the same reasons as articulated with respect to Counts

24

Nine and Eleven, Count Twelve fails. The undersigned RECOMMENDS that the Court GRANT AAUP's motion to dismiss Count Twelve.

### C.      Statute of Limitations and/or Failure to State a Claim

In their motions to dismiss, ASEE and AAUP argue that all claims against it are barred by the applicable statutes of limitations and/or fail to state a claim upon which relief can be granted. (ASEE's Mem. Supp. Mot. Dismiss 3-8; AAUP's Br. Supp. Mot. Dismiss 6-8.) They contend that a two-year statute of limitations applies to each of Amr's claims and that Amr's claims accrued in June 2007 when he was denied tenure, or at the latest May 2008 when his employment with VSU terminated. (ASEE's Mem. Supp. Mot. Dismiss 4; AAUP's Br. Supp. Mot. Dismiss 6.) Because Amr did not file the instant Complaint until October 27, 2010, ASEE and AAUP argue his claims are barred. ASEE and AAUP also assert that Amr's Complaint fails to state a claim against them. (ASEE's Mem. Supp. Mot. Dismiss 3-8; AAUP's Br. Supp. Mot. Dismiss 8-14.)

In response, Amr contends that the statute of limitations does not bar his Complaint because: (1) his claims did not accrue until May 2008 when his employment with VSU ended; and, (2) the doctrine of fraudulent concealment tolls the running of the statute of limitations. (Pl.'s Reply Br. 2, 5.) (Docket No. 26.)

Again, the Court notes that Counts Six through Thirteen in *Amr III* are identical or virtually identical to Counts One through Eight alleged in *Amr II*. *Compare* Am. Compl., *Amr II*, No. 3:09cv667 (E.D. Va. filed Nov. 18, 2009), *with* Compl., *Amr III*, No. 3:10cv787 (E.D. Va. filed Oct. 27, 2010). The Court in *Amr II* found that Counts One through Eight were barred by the applicable statutes of limitations or failed to state a claim. *See Amr II*, 2010 WL 3154576, at

*4-10. For the same reasons, the Court finds that Amr's claims against ASEE and AAUP in Counts Six through Thirteen are either barred by the applicable statute of limitations or fail to state a claim. The Court also finds that the statute of limitations bars Count Five.

### 1.     Count Five: Violation of Constitutional and Civil Rights

In Count Five, Amr alleges Defendants violated his rights by ratifying a forged draft paper, ignoring Amr's explanations as to the withdrawn paper and the forged draft paper, and failing to follow proper VSU procedures for promotion and tenure, in violation of 42 U.S.C. § 1983. (Compl. ¶¶ 159-60.) Virginia's two-year statute of limitations applies to discrimination claims brought pursuant to 42 U.S.C. § 1983. *Saleh v. Va. State Univ.*, No. 3:97cv460, 1999 WL 34798179, at *9 (E.D. Va. Feb. 25, 1999) (*citing* Va. Code § 8.01-243; *Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 476 (E.D. Va. 1999)); *see also Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Patterson v. Am. Tobacco Co.*, 535 F.2d 257, 275 (4th Cir. 1976). This claim must have accrued prior to Amr's denial of tenure. Even assuming this claim did not accrue until Amr's termination in May 2008, as Amr contends, Amr filed the instant Complaint on October 27, 2010. Accordingly, the undersigned finds that the statute of limitations bars this claim, and the Court RECOMMENDS the dismissal of Count Five as asserted against ASEE and AAUP.

### 2.     Count Six: Violation of 42 U.S.C. §§ 1981 and 1983

In Count Six, Amr contends Defendants Rashidi, Williamson, and Brown "jointly and severally engaged in unlawful race, religion, and national origin discrimination against [him]" by subjecting him to unequal pay and low performance evaluations. (Compl. ¶ 165.) ASEE and AAUP argue that Count Six does not lie against them. Because Amr's Complaint contains no factual allegations connecting ASEE or AAUP to any pay decisions or performance evaluations, the Court finds that Count Six does not lie against them.

26

Regardless, Virginia's two-year statute of limitations applies to discrimination claims under 42 U.S.C. §§ 1981 and 1983. *Saleh*, 1999 WL 34798179, at *9. Any alleged discrimination in pay and performance evaluations had to occur prior to Amr's termination in May 2008. Because Amr did not file his Complaint until October 27, 2010, Count Six is barred by the statute of limitations. Accordingly, the undersigned RECOMMENDS the dismissal of Count Six as asserted against ASEE and AAUP.

### 3.    Count Seven: Violation of 42 U.S.C. § 1981

In Count Seven of *Amr III*, Amr contends all named Defendants "jointly and severally interfered with [Amr's] promotional opportunities and reasonable expectation of continued employment contract with [VSU] by giving false and malicious information concerning him, which interference did cause him to get a term contract that ended in May 2008." (Compl. ¶ 168.)

As the Court noted with respect to Count Six, discrimination claims under 42 U.S.C. § 1981 are subject to Virginia's two-year statute of limitations. *Saleh*, 1999 WL 34798179, at *9. Even assuming Amr's claim under Count Seven did not accrue until May 2008, this claim is barred by the statute of limitations because Amr filed his Complaint on October 27, 2010. Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's and AAUP's motions to dismiss Count Seven.

### 4.    Count Eight: Violation of 42 U.S.C. § 1983 and Va. Code §§ 18.2-499 and 18.2-500

In Count Eight, Amr contends Defendants discriminated against him on the basis of race and national origin, conspired for the purpose of impeding justice, and failed to prevent the wrongs Amr alleges. (Compl. ¶¶ 172-74.) The allegation of plagiarism and subsequent denial of

tenure, which occurred prior to May 2008, constitute the wrongs Amr alleges in this count. (Compl. ¶¶ 63-68, 73-76, 82-112.) Thus, to the extent Amr seeks relief pursuant to 42 U.S.C. § 1983, the Court finds that the two-year statute of limitations bars this claim.

In addition, to the extent Amr seeks relief pursuant to Virginia Code §§ 18.2-499 and 18.2-500, his claim must fail. "[A]s construed that statute addresses only injuries to one's *business*, not injuries to one's employment interests." *Jordan v. Hudson*, 690 F. Supp. 502, 507 (E.D. Va. 1988) (dismissing the plaintiff's complaint alleging that the defendants had tortiously interfered with his contractual employment relationship and conspired to injure him in his reputation, trade, business, or profession by making false statements of sexual harassment). Amr does not allege injuries to his business. Instead, he alleges injuries to his employment interest: "Defendants . . . repeatedly and intentionally discriminated against him in violation of his civil rights and this discrimination was the proximate cause of [Amr's] denial of tenure (employment terminated) . . . ." (Compl. ¶ 172.) This insufficiently states a claim under Virginia Code §§ 18.2-499 and 18.2-500. *See Jordan*, 690 F. Supp. at 507.

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's and AAUP's motions and DISMISS Count Eight.

### 5.    Count Nine:  Tortious Interference

In Count Nine, Amr alleges Defendants tortiously interfered with his contract and business expectations by giving false and malicious information concerning him which resulted in his denial of tenure and continued employment. (Compl. ¶ 181.)

The Court concludes that the statute of limitations does not bar Count Nine. Tortious interference with contract constitutes an injury to property governed by Virginia's five-year

statute of limitations. *Boy Blue, Inc. v. Zomba Recording, LLC*, No. 3:09cv483, 2009 WL 2970794, at *3 (E.D. Va. Sept. 16, 2009) (*citing* Va. Code § 8.01-243(A) (2009); *Williams v. Reynolds*, No. 4:06cv20, 2006 WL 3198968, at *5 (W.D. Va. Oct. 31, 2006)); *see also* Va. Code § 8.01-243(B). VSU denied Amr tenure in 2007, and Amr's employment with VSU ended in 2008. Amr filed the instant Complaint on October 27, 2010, less than five years after he was denied tenure and terminated. Accordingly, the statute of limitations does not bar Count Nine.

The Court must next turn to ASEE's and AAUP's assertions that Amr's Complaint fails to state a claim for tortious interference with contract rights. (ASEE's Mem. Supp. Mot. Dismiss 5; AAUP's Br. Supp. Mot. Dismiss 12.) In Virginia, a plaintiff alleging tortious interference with contract rights must establish four elements:

> (1) the existence of a valid contractual relationship or business expectancy;
> (2) knowledge of the relationship or expectancy on the part of the interferor;
> (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

*Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985) (*citing Calbom v. Knudtzon*, 396 P.2d 148, 151 (Wash. 1964)). Because an untenured professor such as Amr has no constitutionally protected property interest in continued employment, *see Roth*, 408 U.S. at 578, to allege tortious interference with a contract terminable at will,[23] in addition to the above-named elements, Amr must also establish "that the defendant employed '*improper* methods'" of interference. *Duggin*

---

[23] "Virginia applies the common-law rule that an employment contract is presumed to be one terminable at will, upon reasonable notice, unless the period of its intended duration can be fairly inferred from its provisions." *Graham v. Cent. Fid. Bank*, 428 S.E.2d 916, 917 (Va. 1993) (*citing Bowman v. State Bank of Keysville*, 331 S.E.2d 797, 798 (Va. 1985)). The parties have not placed before the Court the employment contract at issue. Therefore, because the Court cannot review the provisions of the contract to determine whether they indicate the contract's intended duration, the Court presumes the contract to be terminable at will. *See id.*

*v. Adams*, 360 S.E.2d 832, 836 (Va. 1987) (*quoting Hechler Chevrolet, Inc. v. Gen. Motors Corp.*, 337 S.E.2d 744, 748 (Va. 1985); Restatement (Second) of Torts § 766 cmt. g (1979)). Improper interference includes "those means that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules. . . . [or] violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship." *Id.* (internal citation omitted). In addition, improper methods may also include a violation of "an established standard of a trade or profession or . . . unethical conduct, [s]harp dealing, overreaching, or unfair competition." *Id.* at 837 (citations omitted).

As to ASEE, Amr has alleged that Defendant Rashidi, the ASEE campus representative at VSU, sought to discredit Amr and intended to terminate Amr's employment at VSU. (Compl. ¶¶ 65, 66.) Amr alleges that he presented a paper to ASEE in January 2005, and thereafter, ASEE conspired with VSU to substantiate false allegations of plagiarism to induce a breach of the contractual relationship resulting in Amr's dismissal from VSU. (Compl. ¶¶ 63, 67-68.) If true, a false allegation that Amr had plagiarized an academic paper may constitute misrepresentation or deceit sufficient to allege interference through improper means.[24] *See Duggin*, 360 S.E.2d at 836-37. Although Amr did not apply for tenure until the Fall of 2006 (Compl. ¶ 80), Amr contends that "ASEE [previously] had access to [Amr's] account at its database and his personal information including his academic rank and the status of his tenure-track contract affiliation at VSU" (Compl. ¶ 67).

---

[24] The Court notes that, in *Amr I*, the Court did not make the ultimate finding as to the falsity of the plagiarism charge because neither party had placed the "offending papers" before the Court. *Amr I*, 2009 WL 112829, at *9-10 & n.19.

As to AAUP, Amr merely claims AAUP failed to offer support to Amr and "neglected to validate the unfounded [plagiarism] charge before facilitating publication of the false allegations." (Compl. ¶ 74; *see also* Compl. ¶¶ 75-76.)

The Court concludes that Amr fails to state a claim against ASEE or AAUP for tortious interference. In *Twombly*, the Supreme Court noted that the "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level," 550 U.S. at 555 (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* A court's "judicial experience and common sense" guide its determination of plausibility, and a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949-50 (citation omitted).

In this case, the Court can draw no reasonable inference that ASEE or AAUP is liable for tortious interference with Amr's contractual relationship or his expectation that he would receive tenure at VSU. *See id.* Amr fails to plead facts sufficient to allege that AAUP had knowledge of any contractual relationship or expectancy at the time it allegedly publicized the plagiarism allegations. *See Chaves*, 335 S.E.2d at 102. Amr also offers no factual explanation of why ASEE or AAUP would have "conspired" with others to accuse Amr of plagiarism and prevent him from receiving an offer of tenure. Thus, no facts nudge Amr's allegations from "conceivable" to "plausible."[25] *See Twombly*, 550 U.S. at 570. The Court concludes that Count

---

[25] Moreover, Amr's generalized assertions that ASEE conspired to unlawfully manufacture the plagiarism charge are "based on inferences that are not fairly and justly drawn from the facts alleged." *Bowman*, 331 S.E.2d at 802; *cf. Davis v. Hudgins*, 896 F. Supp. 561, 571 (E.D. Va. 1995) (stating that a claim of conspiracy pursuant to 42 U.S.C. § 1985(3) must meet a heightened pleading standard).

Nine cannot survive ASEE's or AAUP's motions to dismiss. *See Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 500-01 (E.D. Va. 2003) (granting a defendant's motion to dismiss a count of tortious interference because the plaintiff had made only "generalized assertion[s]" that the defendant knew of the plaintiff's contractual relationship, and had failed to plead any facts as to "how, when, and/or where [the defendant] is alleged to have interfered").

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's and AAUP's motions and DISMISS Count Nine.

### 6.    Count Ten:  Violations of 42 U.S.C. §§ 1985 and 1986

In Count Ten, Amr contends that Defendants conspired to deprive Amr of continued employment at VSU and to negatively influence the outcome of the SIC investigation of his alleged plagiarism, and that Defendants failed to protect him from the conspiracy. (Compl. ¶¶ 191-95.) A claim for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3) falls subject to Virginia's two-year statute of limitations for personal injury actions. *Saleh*, 1999 WL 34798179, at *21. Even assuming Amr's claim under Count Ten did not accrue until May 2008 when he was terminated, Amr did not file his Complaint until October 27, 2010. Therefore, the statute of limitations bars Count Ten.

"[A] colorable claim under § 1985 is a prerequisite to a claim under § 1986." *In re Rodriguez*, No. 05-5130, 2005 WL 3843612, at *4 (D.C. Cir. Oct. 14, 2005) (*citing Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983)); *Sebastian v. United States*, 531 F.2d 900, 904 n.11 (8th Cir. 1976). Therefore, because the Court finds that Amr's § 1985(3) claim is barred by the statute of limitations, his claim pursuant to § 1986 must also fail.

32

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's and AAUP's motions and DISMISS Count Ten.

### 7.   Count Eleven:  Intentional Infliction of Emotional Distress

In Count Eleven, Amr contends Defendants' intentional and outrageous conduct in causing Amr's denial of tenure caused Amr severe emotional distress.  (Compl. ¶¶ 197-98.) Virginia's two-year statute of limitations on actions for personal injury applies to claims for intentional infliction of emotional distress.  *Luddeke v. Amana Refrigeration, Inc.*, 387 S.E.2d 502, 504 (Va. 1990) (*citing* Va. Code § 8.01-243).  Even assuming Amr's claim under Count Eleven did not accrue until May 2008 when he was terminated, Amr did not file his Complaint until October 27, 2010.  Therefore, the statute of limitations bars this claim.  Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's and AAUP's motions and DISMISS Count Eleven.

### 8.   Count Twelve:  Information Negligently Supplied for the Guidance of Others

Count Twelve asserts that Defendants intentionally caused Amr not to receive tenure by giving "false and baseless recommendations" about the plagiarism charge.  (Compl. ¶ 203.)  Amr contends Defendants are liable for each other's "unjustifiable reliance" on the plagiarism allegations to support a decision to deny him tenure.  (Compl. ¶ 201.)

To the extent Count Twelve alleges that ASEE and AAUP tortiously interfered with Amr's contractual relations with VSU (*see* Compl. ¶ 203 (arguing that Defendants "caused [Amr] not to get promoted to tenure and enter into a tenured employment contract by giving false and baseless recommendations")), this re-alleges Count Nine.  To the extent Count Twelve alleges ASEE's and AAUP's "extreme and outrageous conduct intentionally and recklessly

33

caused severe emotional distress to [Amr] and significant bodily harm" (Compl. ¶ 201), this re-alleges Count Eleven.

Accordingly, because the Court has already addressed these allegations, the undersigned RECOMMENDS that the Court GRANT ASEE's and AAUP's motions and DISMISS Count Twelve as duplicative of Counts Nine and Eleven.

### 9.    Count Thirteen: Violation of Right of Privacy

Count Thirteen asserts a claim for violation of privacy against ASEE, Rashidi, Williamson, and Brown. (Compl. ¶¶ 205-08.) Amr appears to allege Defendants took these actions in order to create a forged document bearing Amr's name, which Amr contends Defendants then circulated to make it appear as if Amr authored the paper.

Even assuming Amr's claim under Count Thirteen did not accrue until May 2008 when he was terminated, Amr did not file his Complaint until October 27, 2010, and the two-year statute of limitations bars this claim. *See* Va. Code § 8.01-243(A).

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's motion and DISMISS Count Thirteen.

### 10.    The Doctrine of Fraudulent Concealment Does Not Toll the Statute of Limitations in This Case

Amr contends the doctrine of fraudulent concealment tolls the statute of limitations. "The purpose of the fraudulent concealment tolling doctrine is to prevent a defendant from 'concealing a fraud, or . . . committing a fraud in a manner that it concealed itself until' the defendant 'could plead the statute of limitations to protect it.'" *Supermkt. of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995) (*quoting Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 349 (1874)) (alteration in original). To invoke the doctrine of fraudulent

concealment, "a plaintiff must demonstrate:  (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Id.*

Amr fails to establish these elements.  Although he alleges that ASEE fraudulently concealed "essential pieces of evidence" (Pl.'s Reply Br. 5), Amr fails to allege what facts or evidence he believes ASEE concealed from him.  Amr contends that ASEE failed to disclose that Amr "voluntarily withdrew his draft paper before th[e] request for explanation [regarding the commonalities] ever reached him on January 25, 2005." (Pl.'s Reply Br. 5.)  However, Amr fails to show that he was unable to discover this fact within the statutory period, despite exercising due diligence, and fails to demonstrate how this fact impacts his claims or serves as the basis of his claims.  Amr does not appear to make any allegations that AAUP fraudulently concealed facts that serve as the basis of his claims. (*See* Pl.'s Resp. AAUP's Mot. Dismiss 3-7 (claiming instead fraud on behalf of Amr's former counsel).)  Accordingly, the doctrine of fraudulent concealment does not toll the statute of limitations.

### III. Motions for Sanctions

ASEE and VSU Defendants have separately filed motions for sanctions pursuant to Federal Rule of Civil Procedure 11,[26] seeking monetary sanctions against Amr and a pre-filing injunction requiring Amr to seek permission from the Court before filing any lawsuits against

---

[26] ASEE and VSU Defendants properly served Amr with their respective motions for sanctions twenty-one days prior to filing their motions with the Court. *See* Fed. R. Civ. P. 11(c)(2).

these Defendants or related to these issues in the future.[27]  (ASEE's Mem. Supp. Mot. Sanctions 5; VSU Defs.' Mem. Supp. Mot. Sanctions 10.)  In addition, VSU Defendants seek dismissal of the instant Complaint with prejudice against all VSU Defendants.  (VSU Defs.' Mem. Supp. Mot. Sanctions 10.)

In response, Amr appears to contend that sanctions are inappropriate because he is merely exercising his right to seek reconsideration of the decisions in *Amr I* and *Amr II* based on fraud on the court.  (Pl.'s Resp. VSU Defs.' Mot. Sanctions 2 (stating he believes he is "entitled to pursue available remedies for relief under Rule 60(b) of the Federal Rules of Civil Procedure[].");  Pl.'s Opp'n ASEE's Mot. Sanctions 3.[28])  During oral argument, Amr also indicated that he filed the instant Complaint in response to a second right to sue letter he received from the Equal Employment Opportunity Commission ("EEOC") in July 2010.  For the following reasons, it is RECOMMENDED that the Court find sanctions appropriate and dismiss the instant Complaint with prejudice.

A.    **Applicable Law**

Rule 11 requires that filings with the Court be well grounded in law and fact and not made for an improper purpose:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[27] During oral argument, AAUP notified the Court it had served Amr with a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2), but had not yet filed the motion. Nevertheless, AAUP asked to be included in any pre-filing injunction issued by the Court.

[28] Because this filing does not contain page numbers, the Court refers to the page as numbered by CM/ECF.

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b) (emphasis added).

"While a *pro se* party should be granted a degree of indulgence greater than a practicing attorney, a *pro se* party still must abide by the clear requirements of Rule 11." *Patti v. Moore*, No. 3:06cv471, 2006 WL 3424253, at *5 (E.D. Va. Nov. 22, 2006) (*citing In re Weiss*, 111 F.3d 1159, 1170 (4th Cir. 1997); *Johnson v. Lyddane*, 368 F. Supp. 2d 529, 532 (E.D. Va. 2005)). Both to determine improper purpose and to assess the sufficiency of Amr's pre-filing investigation into the legal basis of his claims, the Court must judge Amr's conduct under an objective standard of reasonableness. *In re Kunstler*, 914 F.2d 505, 518-19 (4th Cir. 1990) (*citing Fahrenz v. Meadow Farm P'ship*, 850 F.2d 207, 210 (4th Cir. 1988); *Stevens v. Lawyers Mut. Liab. Ins. Co. of N.C.*, 789 F.2d 1056, 1060 (4th Cir. 1986)); *Davis v. Hudgins*, 896 F. Supp. 561, 573 (E.D. Va. 1995).

**B.    Analysis**

The Court finds that Amr's instant Complaint is not well grounded in law and was filed for an improper purpose. Amr has filed two prior lawsuits based on substantially the same conduct as alleged in *Amr III*. In *Amr I*, the Court dismissed Amr's claims on summary judgment. In *Amr II*, the Court dismissed Amr's claims as barred by res judicata and/or the applicable statutes of limitations. He has filed, and the Court has addressed, seven motions in

*Amr I* and *Amr II* that functionally served as motions for reconsideration of previous court decisions. Not one of these motions presented a meritorious argument. Nonetheless, Amr has filed the instant Complaint asserting thirteen causes of actions arising from substantially the same set of facts. As discussed above, Counts Six through Thirteen in *Amr III* are identical or almost identical to Counts One through Eight in *Amr II*. Just as in *Amr II*, these counts are not well grounded in law and are barred by either claim preclusion, issue preclusion, and/or the applicable statutes of limitations. *See supra* Part II.B.2 and Part II.C. Count Five is also barred for the same reasons, as discussed above. *See supra* Part II.B.2.a and Part II.C.1.

The Court has not yet addressed Counts One through Four which lie solely against VSU Defendants, but also finds that these counts are not well grounded in law. In Counts One through Four, Amr contends that Defendants VSU, Moore, Thomas, Brown, Leigh-Mack, and Williamson, in violation of Title VII and 42 U.S.C. § 1983, discriminated against him based on his race, religion, and color and/or retaliated against him by: (1) removing him from his position as Electronics Engineering Technology program coordinator; (2) denying continued employment after May 2008; (3) reassigning his courses to other faculty members; (4) reassigning his research space to other faculty members; (5) adopting a forged manuscript and representing it to be his to substantiate the plagiarism allegations and facilitate his removal; and (6) prematurely terminating his research grant. (Compl. ¶¶ 128-54.) Although it is unclear when some of these actions allegedly occurred, each had to have occurred prior to May 2008 when Amr's employment with VSU ended.

As to Defendants VSU, Brown, and Williamson, the doctrine of claim preclusion bars Counts One through Four. As discussed above, this Court rendered a final judgment on the

merits in *Amr I*, and Defendants VSU, Brown, and Williamson were each parties in *Amr I*.

Finally, Counts One through Four arise from the same causes of actions identified in *Amr I*.

Specifically, Count One of *Amr I* alleged race and national origin discrimination resulting in

disparate pay, unequal committee assignments and travel opportunities, and false claims of

plagiarism. *Amr I*, 2009 WL 112829, at *6-7. Amr does not change the substance of the claim

by now alleging other instances of discriminatory conduct. *See Harnett*, 800 F.2d at 1314

(noting that claims may arise out of the same transaction even if they involve different theories of

relief).

Further, even though Amr now alleges instances of discriminatory conduct that might

have occurred subsequent to the filing of his initial complaint in *Amr I*, Amr twice had the

opportunity to amend his complaint in *Amr I*. Amr filed his second amended complaint on July

29, 2008, and the instances of discriminatory conduct alleged by Amr had to have occurred prior

to May 2008 when Amr's employment contract with VSU ended. Even taking into consideration

his current claim of fraud, Amr, who bears ultimate responsibility for the content of his

complaint, chose not to raise these instances of discrimination in his second amended complaint,

and they are now barred by res judicata. *See Taylor*, 553 U.S. at 892; *Pittston Co.*, 199 F.3d at

704.

As to Defendants Moore, Thomas, and Leigh-Mack, who were not named as defendants

in *Amr I*, issue preclusion bars Count Four. The issues relating to the plagiarism charge and

denial of tenure, as well as issues relating to discrimination were raised and determined in *Amr I*.

*See Amr I*, 2009 WL 112829, at *6-7, 11-12. That determination was necessary to the Court's

final judgment, and Amr had a full and fair opportunity to litigate these issues. Even though the

issues raised recur in the context of a different claim, issue preclusion still acts to bar Count Four as to Defendants Moore, Thomas, and Leigh-Mack. *See Taylor*, 553 U.S. at 892.

The Court thus finds that Amr, by filing the instant Complaint, violated Rule 11(b)(2). Even considering Amr's *pro se* status, his pre-filing investigation into the legal basis of his claims was objectively unreasonable, especially considering this Court's prior dismissals of *Amr I* and *Amr II*. *See Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) (recognizing that a *pro se* complaint "may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories").

The Court also finds that Amr's Complaint was filed for an improper purpose in violation of Rule 11(b)(1). By Orders dated September 9, 2010 and August 20, 2010, Judge Payne warned Amr in *Amr I* and *Amr II*:

> [T]he plaintiff is instructed that his continued pursuit of these claims appears to be vexatious and harassing and is unnecessarily multiplying the cost of litigation for the defendants. The plaintiff's claims are without legal merit, having been rejected by this Court, the United States Court of Appeals for the Fourth Circuit, and the Supreme Court. Accordingly, the plaintiff is ADMONISHED that further pursuit of this action may well lead to the imposition of sanctions and costs to include an award of a monetary nature against him.

Order at 2, *Amr II*, No. 3:09cv667 (E.D. Va. Sept. 9, 2010); Order at 2, *Amr I*, No. 3:07cv628 (E.D. Va. Aug. 20, 2010). Despite these admonitions, Amr filed the instant Complaint about two months later, asserting substantially the same factual allegations.[29] Judged under an

---

[29] Amr contends that he "did not intentionally violate the Court's Order" and that "at most he interpreted the Court's Order differently from the Defendants, believing that he was entitled to pursue available remedies for relief under Rule 60(b) . . . ." (Pl.'s Resp. VSU Defs.' Mot. Sanctions 1-2.) The Court does not find this argument persuasive. Amr chose to file the instant Complaint on October 27, 2010 rather than filing any valid motion to reconsider in either of his previous two actions, and he did not file any motion seeking to vacate the decisions rendered in *Amr I* or *Amr II* until April 7, 2011. Further, Amr's previous motions for

objectionably reasonable standard, the Complaint in *Amr III* constitutes a vexatious and harassing filing that is unnecessarily multiplying the cost of litigation for Defendants. Thus, sanctions under Rule 11 are appropriate.

**C.     The Sanction of Dismissal Is Appropriate in this Case**

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Given that the purposes behind Rule 11 include "'punishing present litigation abuse, streamlining court dockets and facilitating court management,'" *Patti*, 2006 WL 3424253, at *6 (*quoting Kunstler*, 914 F.2d at 522), and considering the enumerated factors listed in *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 462-63 (4th Cir. 1993),[30] the Court finds that dismissal with prejudice of the instant Complaint is an appropriate sanction. This is the third time Amr has

_____

reconsideration based on the same grounds asserted in the current Motion for Vacating Judgments have already been considered and rejected by this Court.

Amr's argument that he filed this Complaint in response to the second EEOC right to sue notice likewise does not alter this Court's analysis. Amr stated that he received the second right to sue letter in July 2010, prior to this Court's issuance of the two admonitions discussed above. Amr received warning prior to filing the instant Complaint that further pursuit of these claims may well lead to the imposition of sanctions.

[30] In *Shaffer Equipment Co.*, the Fourth Circuit listed the following factors that courts must consider before exercising their inherent power to dismiss a case.

(1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Id.*

brought suit alleging substantially the same claims which this Court and the Fourth Circuit have found to be without merit. This Court has looked at the claims raised by Amr in the instant Complaint and again finds they lack merit. It is thus RECOMMENDED that Amr's Complaint be DISMISSED WITH PREJUDICE in its entirety as a sanction for Amr's violation of Rule 11.

While the Court is not unsympathetic to the claim that monetary damages and a pre-filing injunction might be appropriate, the Court recognizes that dismissal of the Complaint is truly "'the most extreme sanction.'" *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 542 (4th Cir. 2002) (*quoting Shaffer Equip. Co.*, 11 F.3d at 462). Given Amr's *pro se* status, the Court sees no reason to impose monetary sanctions when dismissal of the Complaint is recommended. However, given the nature and the history of the litigation before the Court, and upon notice that Amr already has filed yet another case, *Amr v. Attorney General of Virginia*, No. 3:11cv423 (E.D. Va. filed June 30, 2011) (hereinafter "*Amr IV*"), this Court, while leaving the issue of a pre-filing injunction to the discretion of the District Court, takes note that such an injunction may be warranted in this matter. Because the Magistrate Judge recommends dismissal of the instant Complaint, the Magistrate Judge will leave the issue of further sanctions to the discretion of the District Court Judge.

### IV. Motion for Vacating Judgments

Amr has filed a Motion for Vacating Judgments, seeking to vacate the decisions rendered in *Amr I* and *Amr II* due to fraud on the Court. It appears to the Court Amr seeks relief pursuant to Federal Rule of Civil Procedure 60(b). This rule allows a court to relieve a party from a final judgment, order, or proceeding. It is an extraordinary remedy requiring a showing of extraordinary circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48

42

(4th Cir. 1993). The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Id.* (quoting *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b).[31]

The Court first notes that Amr has filed this motion in the improper civil action, because no final judgment has been rendered in the present lawsuit. If Amr wishes to seek reconsideration of a decision in *Amr I* or *Amr II*, he must file a proper motion in the proper civil action, and such motion must identify with specificity the subsection of Rule 60(b) under which Amr claims relief. The Court further notes that Amr has already filed motions for reconsideration asserting the same grounds for relief in both *Amr I* and *Amr II* and that these motions have already been considered and denied by Judge Payne.[32]

Likewise, Amr's instant motion presents no sustainable claim under Rule 60(b). First, Amr's motion often appears to simply disagree with the Court's prior decisions without

_____

[31] The six grounds for relief include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

[32] The Court further notes that, on August 9, 2011, Amr filed a motion to vacate in *Amr II* asserting similar grounds for relief. Motion for Vacating Judgments, No. 3:09cv667 (E.D. Va. filed Aug. 9, 2011).

identifying a clear and fundamental legal error. (*See, e.g.*, Pl.'s Mot. Vacating Judgments 2 ("[Amr] respectfully disagrees with outcome and disposition of the prior cases."); 13, 26 (contending that the Magistrate Judge erred in her conclusions).) Rule 60(b) does not authorize "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995); *see also Lee X v. Casey*, 771 F. Supp. 725, 728 (E.D. Va. 1991) ("A Rule 60(b) motion is not authorized when it is nothing more than a request for the district court to change its mind." (*citing United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982))).

Second, Amr's allegations of fraud on the court are insufficient to establish any ground for relief under Rule 60(b). "'When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment.'" *Guthrie v. Flanagan*, No. 3:07cv479, 2009 WL 1444309, at *4 (E.D. Va. May 20, 2009) (*quoting Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). Amr contends that his former counsel, counsel for VSU Defendants, and Defendants themselves each engaged in fraud on the court. (Pl.'s Mot. Vacating Judgments 3, 10, 14, 17-20, 23-24, 27.) Amr, however, fails to substantiate these conclusory allegations. *See In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (stating that the grounds for relief under Rule 60(b) "'must be clearly substantiated by adequate proof'" (*quoting Thomas v. Colo. Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966))). Although Amr disagrees with his attorney's actions and decisions in *Amr I*, dissatisfaction with the manner in which former counsel prosecuted *Amr I* alone does not give rise to fraud on the court. Further, while Amr contends the Court erred by

44

considering falsified evidence (Pl.'s Mot. Vacating Judgments 2), this again constitutes a conclusory allegation.

Because Amr presents no sustainable claim under Rule 60(b), it is RECOMMENDED that Amr's Motion for Vacating Judgment be DENIED.

### V.  Miscellaneous Motions

#### A.     Motion to Stay

On February 25, 2011, ASEE filed a Motion to Stay (Docket No. 14), requesting that the Court stay this matter in the event that the Court denies its motion to dismiss. (ASEE's Mot. Stay 1.) ASEE requested that the Court stay the matter until the judgment rendered in *Amr II* became final. (ASEE's Mem. Supp. Mot. Stay 1.) The Fourth Circuit's ruling in *Amr II* became effective on April 18, 2011. *See Amr II*, No. 10-2041 (4th Cir. Apr. 18, 2011). Amr has not filed a petition for a writ of certiorari with the Supreme Court and the time in which to do so has passed. Because the judgment in *Amr II* is now final, and because the Court has recommended that ASEE's motion to dismiss be granted, it is RECOMMENDED that ASEE's Motion to Stay be DENIED AS MOOT.

#### B.     Fourth Motion for an Enlargement of Time

On July 22, 2011, Amr filed his Fourth Motion for an Enlargement of Time, seeking an extension of time in which to perfect service on Defendant Young. (Docket No. 75.) The Court has previously granted Amr three extensions of time to serve Young, and he has been unsuccessful. Further, as discussed above, the Court is recommending dismissal of the instant action based on a finding that his Complaint fails to state a claim and is barred by the doctrine of res judicata and/or the applicable statutes of limitations, as well as a sanction for Amr's

45

violations of Rule 11.  Because the Magistrate Judge recommends dismissal of this action, it is

RECOMMENDED that Amr's Fourth Motion for an Enlargement of Time be DENIED.

C.     **Motions Relating to Request for Subpoenas**

On July 28, 2011, Amr filed an Amended Motion for Requesting Subpoenas Duces

Tecum (Docket No. 78),[33] asking the Court to issue subpoenas to ASEE and VSU for the purpose

of "prov[ing] such alleged fraud upon the court or to perhaps reveal other aspects of fraudulent

actions that had significantly influenced this Court's decision to grant the motion for summary

judgment" in *Amr I*.  (Pl.'s Mem. Supp. Am. Mot. Requesting Subpoenas Duces Tecum 1.)[34]

Specifically, Amr wants a subpoena demanding a "copy from the date and time stamp of [Amr's]

submittal and his voluntarily [sic] withdrawal of his draft prior to January 25, [2005]."  (Pl.'s

Mem. Supp. Am. Mot. for Requesting Subpoenas Duces Tecum 2.)  VSU Defendants have

responded by filing a Motion to Quash Plaintiff's Request for Subpoena (Docket No. 76),

contending that Amr's request is premature and constitutes an undue burden given the pending

motions to dismiss and motions for sanctions.  (VSU Defs.' Mem. Supp. Mot. Quash 2-3.)

Rule 26(d)(1) of the Federal Rules of Civil Procedure governs the timing and sequence of

discovery.  Fed. R. Civ. P. 26(d)(1).  The Rule states:  "A party may not seek discovery from any

source before the parties have conferred as required by Rule 26(f)," except in certain enumerated

proceedings.  Fed. R. Civ. P. 26(d)(1).  In this case, the parties have not conferred pursuant to

_____

[33] Because Amr filed an amended motion requesting subpoenas, the Court
RECOMMENDS that his original Motion for Requesting Subpoenas be DENIED AS MOOT.
(Docket No. 74.)

[34] Because this filing does not contain page numbers, the Court refers to the pages as
numbered by CM/ECF.

46

Rule 26(f), and the action does not fall under one of the enumerated exceptions to Rule 26(d)(1).

*See* Fed. R. Civ. P. 26(a)(1)(B). Amr's motion is thus premature. Further, because the

Magistrate Judge recommends dismissal of the instant Complaint, it is RECOMMENDED that

Amr's Amended Motion for Requesting Subpoenas Duces Tecum be DENIED and that VSU

Defendants' Motion to Quash Plaintiff's Request for Subpoena be GRANTED.

### VI. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that:

1.  AAUP's Motion to Dismiss (Docket No. 21) be GRANTED;

2.  ASEE's Motion to Dismiss (Docket No. 16) be GRANTED;

3.  ASEE's Motion for Sanctions (Docket No. 45) be GRANTED;

4.  VSU Defendants' Motion for Sanctions (Docket No. 27) be GRANTED;

5.  Amr's Motion for Vacating Judgment (Docket No. 38) be DENIED;

6.  Amr's Motion for Hearing (Docket No. 40) be DENIED AS MOOT;

7.  ASEE's Motion to Stay (Docket No. 14) be DENIED AS MOOT;

8.  Amr's Fourth Motion for an Enlargement of Time (Docket No. 75) be DENIED;

9.  Amr's Amended Motion for Requesting Subpoenas Duces Tecum (Docket No. 78) be DENIED;

10. VSU Defendants' Motion to Quash Plaintiff's Request for Subpoena (Docket No. 76) be GRANTED; and,

11. Amr's Motion for Requesting Subpoenas (Docket No. 74) be DENIED AS MOOT.

It is further RECOMMENDED that the instant action be DISMISSED WITH PREJUDICE.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Any document submitted must comply with the following directives:

1.  Each objection must be clearly labeled and sequentially numbered. Each objection must be labeled with the corresponding heading from the Report and Recommendation.

2.  Each paragraph must be sequentially numbered.

3.  Each objection must cite with specificity, and include quotations to, the Report and Recommendation.

4.  Each objection must clearly identify the legal or factual deficiency in the Report and Recommendation. Each objection must include legal or factual support for the claims therein.

Failure to file specific objections in a timely manner to the Report and Recommendation may result in the entry of an Order dismissing the Complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841, 845 (4th Cir. 1985) (noting the general rule that "a party who fails to object to a magistrate's report is barred from appealing the judgment of a district court adopting the magistrate's findings").

The Clerk is directed to send a copy of the Report and Recommendation to Amr, to counsel of record, and to the Honorable Robert E. Payne.

/s/

M. Hannah Lauck
United States Magistrate Judge

Date: 8-11-11
Richmond, Virginia